**LEE LITIGATION GROUP, PLLC**
CK Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CLAUDIA MORENO and  LAURA NAJERA,
*on behalf of themselves, FLSA Collective Plaintiffs,*
*and the Class,*

                 Plaintiffs,

      v.

BROOK MEAT & PRODUCE CORP.,
       d/b/a SHOP FAIR SUPERMARKETS
207 MEAT CORP.
       d/b/a SUPER ASSOCIATED
       d/b/a SHOP FAIR WAREHOUSE
A&A MEAT & PRODUCE CORP.
       d/b/a SUPER GIGANTE FOODS
KING POLO, INC.
       d/b/a SHOP FAIR SUPERMARKETS
C. R. MEAT & PRODUCE CORP.
       d/b/a SHOP FAIR SUPERMARKETS
KING MEAT CORP.
       d/b/a SHOP FAIR SUPERMARKETS
BEACH CHANNEL MEAT & PRODUCE CORP.
       d/b/a SHOP FAIR SUPERMARKETS
CORNAGA 1801 MEAT CORP.
       d/b/a SHOP FAIR SUPERMARKETS
1331 MEAT & PRODUCE CORP.
       d/b/a SHOP FAIR SUPERMARKETS
ANIBAL RODRIGUEZ, and ARIEL RODRIGUEZ

               Defendants.

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiffs, CLAUDIA MORENO and LAURA NAJERA (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their Defendants BROOK MEAT & PRODUCE CORP. d/b/a SHOP FAIR SUPERMARKETS, A&A MEAT & PRODUCE CORP d/b/a SUPER GIGANTE FOODS, 207 MEAT CORP. d/b/a SHOP FAIR SUPERMARKETS, KING POLO, INC. d/b/a SHOP FAIR SUPERMARKETS, C. R. MEAT & PRODUCE CORP. d/b/a SHOP FAIR SUPERMARKETS, KING MEAT CORP. d/b/a SHOP FAIR SUPERMARKETS, BEACH CHANNEL MEAT & PRODUCE CORP. d/b/a SHOP FAIR SUPERMARKETS, CORNAGA 1801 MEAT CORP. d/b/a SHOP FAIR SUPERMARKETS, 1331 MEAT & PRODUCE CORP. d/b/a SHOP FAIR SUPERMARKETS, ("Corporate Defendants"), and ANIBAL RODRIGUEZ, ARIEL RODRIGUEZ and YENNYS RODRIGUEZ ("Individual Defendants" and collectively with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiffs CLAUDIA MORENO and LAURA NAJERA a allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime premiums; (2) unpaid wages, including overtime, due to time shaving; (3) liquidated damages; and (4) attorney's fees and costs

2.      Plaintiffs CLAUDIA MORENO and LAURA NAJERA further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums; (2) unpaid wages, including

overtime, due to time shaving; (3) unpaid spread of hours premiums; (4) statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs.

3.      Furthermore, Plaintiffs allege that pursuant to the New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that Plaintiffs were deprived of their statutory rights as a result of Defendants' discriminatory employment practices based on Plaintiffs' sex and gender and seek to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

4.      Plaintiff NAJERA additionally alleges that Defendants willfully filed fraudulent information returns regarding Plaintiff NAJERA and Class members with the Internal Revenue Service ("IRS"), in violation 26 U.S.C. § 7434.

5.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

8.      Plaintiff CLAUDIA MORENO, is a resident of Bronx County, New York.

9.      Plaintiff LAURA NAJERA is a resident of Westchester County, New York.

10.     Defendants collectively own and operate multiple supermarkets throughout New York at the following locations:

     a.   3815 9th Avenue, New York, NY 10034 ("Super Gigante Foods");

     b.   228 Brook Ave, Bronx, NY 10454 ("228 Brook Shop Fair");

     c.   1331 St. Nicholas Avenue, New York NY 10033 ("St. Nicholas Shop Fair");

     d.   410 West 207th Street, New York, NY 10034 ("Shop Fair Warehouse")

     e.   153-30 89th Ave Queens, NY 11432 (153-30 89th Shop Fair")

     f.   245 Beach 20th St, Far Rockaway, NY 11691 ("245 Beach Shop Fair");

     g.   3871 Broadway, New York, NY 10032 (3871 Broadway Shop Fair");

     h.   13-29 Beach Channel Dr., Far Rockaway, NY 11691 ("13-29 Beach Channel Shop Fair");

     i.   1801A Cornaga Ave, Far Rockaway, NY 11691 ("1801A Cornaga Shop Fair");

     j.   1331 Street Nicholas Ave, New York, NY 10033 ("1331 Nicholas Shop Fair") (collectively the "Supermarkets").

11.     All the Supermarkets are operated as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Supermarkets are engaged in related activities, share common ownership, and have a common business purpose.

     a.   All the Supermarkets are under the control and ownership of Individual Defendants. Specifically, the RODRIGUEZ family, consisting of ARIEL

RODRIGUEZ and ANIBAL RODRIGUEZ own and operate all of the JOHN

DOE CORPORATIONS which operate the Supermarkets. *See* **Exhibits A-I**.

b.  Most of the Supermarkets utilize or have utilized the trade name "SHOP FAIR

SUPERMARKETS".

c.  All of the businesses are Supermarkets in New York aimed at providing fresh

and competitively priced products.

d.  All of the Supermarkets share a similar décor, utilize the same supplier, and

serve similar goods.

e.  The Supermarkets all utilize a central Human Resources Department that

deals with hiring, firing, and administering the work force.

f.  Plaintiff MORENO was transferred between different supermarkets on an as

needed basis.

12.  Corporate Defendant, BROOK MEAT & PRODUCE CORP., d/b/a SHOP FAIR

SUPERMARKETS, is a domestic business corporation organized under the laws of New York,

with a principal place of business and address for service of process located at 228 Brook Ave,

Bronx, NY 10454. Corporate Defendant BROOK MEAT & PRODUCE CORP. owns and

operates the SHOP FAIR SUPERMARKETS, located at 228 Brook Ave, Bronx, NY 10454. *See*

**Exhibit A.**

13.  Corporate Defendant, 207 MEAT CORP., d/b/a SUPER ASSOCIATED, d/b/a

SHOP FAIR WAREHOUSE is a domestic business corporation organized under the laws of

New York, with a principal place of business and address for service of process located at 410

West 207th Street, New York, NY 10034.  Corporate Defendant 207 MEAT CORP., owns and

operates the SHOP FAIR, located at 410 West 207th Street, New York, NY 10034. *See* **Exhibit B.**

14.     Corporate Defendant, A&A MEAT & PRODUCE CORP., d/b/a SUPER GIGANTE FOODS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 3815 9th Ave, New York, NY 10034. Corporate Defendant A&A MEAT & PRODUCE CORP. owns and operates the SUPER GIGANTE FOODS, located at 3815 9th Ave, New York, NY 10034. *See* **Exhibit C**.

15.     Corporate Defendant, KING POLO, INC., d/b/a SHOP FAIR SUPERMARKETS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 153-30 89th Ave Queens, NY 11432. Corporate Defendant KING POLO, INC. owns and operates the SHOP FAIR SUPERMARKETS, located at 153-30 89th Ave Queens, NY 11432. *See* **Exhibit D.**

16.     Corporate Defendant, C R MEAT & PRODUCE CORP., d/b/a SHOP FAIR SUPERMARKETS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 245 Beach 20th St, Far Rockaway, NY 11691. Corporate Defendant C R MEAT & PRODUCE CORP. owns and operates the SHOP FAIR SUPERMARKETS, located at 245 Beach 20th St, Far Rockaway, NY 11691. *See* **Exhibit E.**

17.     Corporate Defendant, KING MEAT CORP., d/b/a SHOP FAIR SUPERMARKETS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 3871 Broadway,

New York, NY 10032. Corporate Defendant KING MEAT CORP. owns and operates the SHOP FAIR SUPERMARKETS, located at 3871 Broadway, New York, NY 10032. *See* **Exhibit F.**

18.     Corporate Defendant, BEACH CHANNEL MEAT & PRODUCE CORP., d/b/a SHOP FAIR SUPERMARKETS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 13-29 Beach Channel Dr., Far Rockaway, NY 11691. Corporate Defendant BEACH CHANNEL MEAT & PRODUCE CORP. owns and operates the SHOP FAIR SUPERMARKETS, located at 13-29 Beach Channel Dr., Far Rockaway, NY 11691. *See* **Exhibit G.**

19.     Corporate Defendant, CORNAGA 1801 MEAT CORP., d/b/a SHOP FAIR SUPERMARKETS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 1801A Cornaga, Ave, Far Rockaway, NY 11691. Corporate Defendant CORNAGA 1801 MEAT CORP. owns and operates the SHOP FAIR SUPERMARKETS, located at 1801A Cornaga, Ave, Far Rockaway, NY 11691. *See* **Exhibit H.**

20.     Corporate Defendant, 1331 MEAT & PRODUCE CORP., d/b/a SHOP FAIR SUPERMARKETS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 1331 St Nicholas Ave, New York, NY 10033. Corporate Defendant 1331 MEAT & PRODUCE CORP. owns and operates the SHOP FAIR SUPERMARKETS, located at 1331 Street Nicholas Ave, New York, NY 10033. *See* **Exhibit I.**

21.     Individual Defendant ANIBAL RODRIGUEZ is an owner of and principal of Corporate Defendant BROOK MEAT & PRODUCE CORP., 207 MEAT CORP., KING POLO,

INC., C. R. MEAT & PRODUCE CORP., KING MEAT CORP., BEACH CHANNEL MEAT & PRODUCE CORP., CORNAGA 1801 MEAT CORP., and 1331 MEAT & PRODUCE CORP. *See* **Exhibits A-B, D-I.** ANIBAL RODRIGUEZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ANIBAL RODRIGUEZ frequently visits the stores. ANIBAL RODRIGUEZ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the stores may complain to ANIBAL RODRIGUEZ directly regarding any of the terms of their employment, and ANIBAL RODRIGUEZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ANIBAL RODRIGUEZ exercised functional control over the business and financial operations of the Corporate Defendant. ANIBAL RODRIGUEZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

22. Individual Defendant ARIEL RODRIGUEZ is an owner and principal of Corporate Defendant A&A MEAT & PRODUCE CORP. *See* **Exhibit C**. ARIEL RODRIGUEZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ARIEL RODRIGUEZ frequently visits the store ARIEL RODRIGUEZ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment,

and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the store may complain to ARIEL RODRIGUEZ directly regarding any of the terms of their employment, and ARIEL RODRIGUEZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ARIEL RODRIGUEZ exercised functional control over the business and financial operations of the Corporate Defendant. ARIEL RODRIGUEZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

23.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

24.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiffs CLAUDIA MORENO and LAURA NAJERA assert claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to deli workers, janitors, produce workers, counter employees, store clerks, stockers, cashiers, porters, and cleaners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

26.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs (i) their unpaid overtime premiums and (ii) unpaid wages, including overtime, due to time shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

27.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

28.     Plaintiffs CLAUDIA MORENO and LAURA NAJERA assert claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to deli workers, janitors, produce workers, counter employees, store clerks, stockers, cashiers, porters, and cleaners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "NYLL Class").

29.     Plaintiff NAJERA also brings claims for relief for violations of 26 U.S.C. § 7434 on behalf of all employees of Defendants who were paid all of part of their wages in cash on or after the date that is six years before the filing of this Complaint in this case as defined herein (the "W-2 Class," collectively with the NYLL Class, the "Classes").  Plaintiff NAJERA is a member of both Classes.

30. The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

31. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

32. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All NYLL Class members were subject to the same corporate practices of Defendants of (i) failing to pay proper overtime premiums; (ii) failing to pay proper wages, including overtime, due to time shaving; (iii) failing to pay spread of hours premiums; (iv) failing to provide proper wage statements per requirements of NYLL; and (v) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

33. Plaintiff NAJERA and W-2 Class members were also subject to the same policies of Defendants, which consisted of Defendants failure to provide W-2 Class members with proper W-2 forms and Defendants failure to accurately report employees' wages and taxes to the IRS.

34. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

35. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37.     Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

38.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiffs and the Class within the meaning of New York law and applicable state laws;

    b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

    c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

d. Whether Defendants properly notified Plaintiffs and Class members of their hourly rates and overtime rates;

e. Whether Defendants operated their business with a policy of failing to pay Plaintiffs and Class members their proper overtime premiums when working hours in excess of forty (40);

f. Whether Defendants operated their business with a policy of not compensating employees for all hours worked due to time-shaving;

g. Whether Defendants operated their business with a policy of failing to pay Plaintiffs and Class members their spread of hours premiums when working shifts in excess of ten (10) hours;

h. Whether Defendants provided proper W-2 forms to W-2 Class members;

i. Whether Defendants properly deducted taxes from the wages of W-2 Class members;

j. Whether Defendants accurately reported W-2 Class members earnings to the IRS;

k. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

l. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

*Plaintiff CLAUDIA MORENO*

39.     In or around April 27, 2021, Plaintiff CLAUDIA MORENO was hired by Defendants to work as a salad preparer for Defendants' "Shop Fair Warehouse," located at 410 West 207th Street, New York, NY 1003. In or around August 2021, when the "Shop Fair Warehouse" location closed, Plaintiff MORENO was transferred to the "Super Gigante Foods" supermarket located at 3815 9th Avenue, New York, NY 10034. Then in or around September 2021, Plaintiff MORENO was again transferred, this time to the "228 Brook Shop Fair" located at 228 Brook Avenue, Bronx, New York 10454. Plaintiff's employment was terminated in or around March 30, 2022.

40.     From the start of her employment to in or around August 2021, Plaintiff was scheduled to work six (6) days per week, from 8:00 a.m. to 6:00 p.m., for approximately sixty (60) hours per week. From August 2021 to the end of her employment, Plaintiff worked six (6) days per week, from 8:00 p.m. to 3:00 p.m. FLSA Collective Plaintiffs and Class Members worked similar hours.

41.     Starting in or around August 2021, approximately once every two (2) weeks, Plaintiff MORENO was required to stay late past her shift. On those occasions Plaintiff MORENO was required to stay until 6:00 p.m.

42.     From the start of her employment to October 2021, Plaintiff was compensated at a rate of fifteen ($15) dollars per hour in cash. Starting in October 2021 to the end of her employment, Plaintiff was compensated at a rate of sixteen ($16) dollars per hour in cash. FLSA Collective Plaintiffs and Class Members were compensated at similar rates.

43.     Throughout her employment, Defendants automatically deducted thirty (30) minutes for a meal break. However, due to how busy the Supermarkets were, Plaintiff was never able to take a free and clear thirty (30) minute meal break. FLSA Collective Plaintiffs and Class Members similarly had thirty (30) minutes automatically deducted from their wages for a meal break without the ability to take those free and clear meal breaks.

44.     Throughout her employment, Plaintiff MORENO would be required to start her day at the "228 Brook Shop Fair" location. However, mid-shift she was always instructed to travel and cover other employees' shifts at the "Super Gigante Foods" supermarket located at 3815 9th Avenue, New York, NY 10034. However, whenever Plaintiff was required to cover shifts at a different supermarket location, Defendants would calculated Plaintiff's hours at each location separately so as to avoid paying any overtime, i.e., Plaintiff would work thirty-five (35) hours at "228 Brook Shop Fair" , ten (10) hours at "Super Gigante Foods", and be paid all forty-five (45) hours at a straight time rate instead of forty (40) regular hours and five (5) overtime hours.

45.     Throughout her employment, Plaintiff MORENO was occasionally required to work shifts in excess of ten (10) hours. However, Plaintiff was not compensated with such spread of hours premiums. Class Members similarly did not receive spread of hours premiums when working shifts in excess of ten (10) hours.

*Plaintiff LAURA NAJERA*

46.     In or around January 2021, Plaintiff LAURA NAJERA was hired by Defendants to work in the produce department for Defendants' "228 Brook Shop Fair" located at 228 Brook

Avenue, Bronx, New York 10454. Plaintiff was employed by Defendants until in or around February 2022.

47. Throughout Plaintiff NAJERA's employment, Plaintiff worked six (6) days per week, from 8:00 a.m. to 3:00 p.m. FLSA Collective Plaintiffs and Class Members worked similar hours.

48. Throughout her employment, Plaintiff NAJERA was compensated at the New York City minimum wage rate of fifteen ($15) dollars per hour. FLSA Collective Plaintiffs and Class Members were compensated at similar rates.

49. When Plaintiff NAJERA first started her job, she was paid all of her wages in cash. Approximately one (1) month after she started, Defendants began compensating her by check. Finally, approximately two (2) weeks before Plaintiff NAJERA's employment was terminated, Defendants started compensating Plaintiff in cash again.

50. For approximately the first month and the last two (2) weeks of Plaintiff NAJERA's employment, Plaintiff NAJERA was compensated by cash without Defendants withholding the required taxes, in violation of 26 U.S.C. § 7434. By compensating Plaintiff in the same tax year in cash, with no taxes deducted from those wages, and by check, with taxes deducted from those wages, Defendants will not be properly reporting the proper wages earned and deductions made on their 2022 information return for Plaintiff NAJERA.

51. Throughout Plaintiff NAJERA's employment, Defendants automatically deducted thirty (30) minutes for a meal break. However, due to how busy the Supermarkets were, Plaintiff was never able to take the full thirty (30) minutes breaks. FLSA Collective Plaintiffs and Class

Members similarly had thirty (30) minutes automatically deducted from their wages for a meal break without the ability to take those free and clear meal breaks.

52.     Starting in or August 2021, approximately once every two weeks, Plaintiff NAJERA was required to stay late past her shift. On those occasions Plaintiff was required to stay until approximately 6:00 p.m.

53.     Throughout her employment, Plaintiff NAJERA was occasionally required to work shifts in excess of ten (10) hours. However, Plaintiff was not compensated with such spread of hours premiums. Class Members similarly did not receive spread of hours premiums when working shifts in excess of ten (10) hours.

54.     Although Plaintiff MORENO regularly worked in excess of forty (40) hours per workweek during her employment by Defendants, Defendants compensated Plaintiff MORENO at her regular rate and not the required overtime premium for hours worked in excess of forty (40), as required under FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek.

55.     Throughout their employment, Plaintiffs had thirty (30) minutes deducted from their wages for a meal break. However, Plaintiffs were too busy to take a free and clear meal break. FLSA Collective Plaintiffs and Class Members were similarly unable to take a free and clear meal break due to how busy the stores were.

56.     Throughout their employment, Plaintiffs were not properly compensated with their spread of hours premiums when working shifts in excess of ten (10) hours. Similarly, Class

Members failed to receive their spread of hours premiums when working shifts in excess of ten (10) hours.

57.     As a result of Defendants paying Plaintiff NAJERA and W-2 Class Members partially in cash, Defendants failed to withhold Plaintiff's and Class Members' proper wages for tax purposes.

58.     Defendants further failed to provide Plaintiff NAJERA and W-2 Class Members with accurate W-2 tax statements for each tax year during which Plaintiff worked.

59.     Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff NAJERA's and W-2 and Class Members' earnings and to provide Plaintiff NAJERA and W-2 Class Members with accurate W-2 tax statements for each tax year during which Plaintiff NAJERA and W-2 Class Members worked.

60.     Defendants had a legal obligation to file accurate tax statements with the IRS.

61.     Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code.

62.     Defendants never provided Plaintiffs with proper wage statements in violation of NYLL as it failed to accurately list Plaintiffs' total worked time and wages. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

63.     At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and with every change of payrate thereafter as required by NYLL.

64.     Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of FLSA and NYLL.

65.     Defendants knowingly and willfully failed to pay Plaintiffs, FLSA Collective Plaintiffs, and Class members regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

66.     Defendants knowingly and willfully failed to pay Plaintiffs and Class members their spread of hours premiums when working shifts in excess of ten (10) hours.

67.     Defendants knowingly and willfully failed to withhold Plaintiffs' and Class Members' proper wages for tax purposes.

68.     Defendants knowingly and willfully failed to provide Plaintiff NAJERA and W-2 Class Members with accurate W-2 tax statements for each tax year during which Plaintiff worked.

69.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

70.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

*Sexual Harassment Allegations*

71.     Throughout their employment, Plaintiffs CLAUDIA MORENO and LAURA NAJERA both suffered from a hostile work environment, due to the severe and unwelcome sexual harassment from their manager, Jose Pena.

72. The manager Jose Pena would sexually harass Plaintiff CLAUDIA MORENO by:

a. Constantly asking Plaintiff MORENO out to dinner throughout her employment, despite Plaintiff MORENO declining and making her refusal clear.

b. Jose Pena would further always seek Plaintiff MORENO out and hug her against her will, despite her protests and complaints.

c. Jose Pena would further direct sexually charged comments towards Plaintiff MORENO and other female co-workers, such as "cover your ass, or else I will want it", "you look nice down there." "do you work as a stripper? Because you look like one that dances in a bar", "I want to touch your pussy and ass", "what position do you like to have sex?", "I want you to be happy, so I am going to lick you very good." "do you like getting your pussy licked? I can do that for you."

d. During her employment, Plaintiff MORENO was attending a Beauty Salon School and taking hair styling classes. Jose Pena would ask Plaintiff MORENO, "are you learning good?" and when Plaintiff responded in the affirmative, JOSE PENA would ask "ok, so can you shave my balls?".

e. Plaintiff MORENO complained and nothing was ever done in regards to the sexual harassment. Plaintiff could not quit either, despite these disgusting discriminatory comments, as she needed the work since she was a part-time student and had to take care of her son.

73.     Plaintiff LAURA NAJERA also suffered sexual harassment at the hands of manger Jose Pena. Jose Pena would sexually harass Plaintiff by:

    a.  Directing sexually charged comments towards Plaintiff NAJERA and other female co-workers on a daily basis, such as "you have a big ass", "I always imagine you and Claudia [Moreno] in bed with me", "I want to cum in your mouth."

    b.  Furthermore, shortly after Jose Pena started work, Plaintiff NAJERA overheard Jose Pena tell Plaintiff MORENO "I have to go pee in the bathroom, unless Laura wants to open her mouth and let me piss on her."

74.     Due to Defendants fostering and permitting a hostile work environment due to manager Jose Pena's constant sexual harassment, Plaintiffs suffered physical and emotional damages, discomfort, and humiliation while working for Defendants.

75.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

76.     Plaintiffs realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

77.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA,

29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

78.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of FLSA.

79.     At all relevant times, Corporate Defendant had a gross annual revenue in excess of $500,000.

80.     At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

81.     At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

82.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

83.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

84.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidence by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs their proper wages, including overtime, due to time-shaving.

85.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under FLSA.

86.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

87.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of (i) unpaid wages due to time-shaving, and (ii) unpaid overtime premium, plus an equal amount as liquidated damages.

88.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

89.     Plaintiffs realleges and incorporates all the above allegations of this Complaint as fully set forth herein .

90.     At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

91.     Defendants failed to properly notify employees of their overtime rate, in direct violation of NYLL.

92. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

93. Defendants failed to properly compensate employees their corresponding wages, including overtime, due to time shaving, in direct violation of NYLL.

94. Defendants failed to provide employees with their spread of hours premium when working shifts in excess of ten (10) hours, in direct violation of NYLL.

95. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

96. Defendants knowingly and willfully operated their business with a policy of not providing proper and accurate wage statements, as required under NYLL.

97. Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime premium, unpaid wages due to time-shaving, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

98. Plaintiffs realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

99.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of sex.

100.     Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiffs are employees and qualified persons within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

101.     Defendants operated a business that discriminated against Plaintiffs and other female employees in violation of NYSHRL by fostering, enabling, and subjecting Plaintiffs to a hostile work environment, in the form of failing to address the constant sexual harassment made to Plaintiffs on the basis of their sex.

102.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiffs' protected rights under Section § 296 of NYSHRL.

103.     As a result of Defendants' unlawful harassment and discriminatory practices, Plaintiffs sustained injury, including economic damages and past and future physical and emotional distress.

104.     Due to Defendants' violations under NYSHRL, based on discrimination on the basis of sex, Plaintiffs are entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorney's fees and costs.

## COUNT IV

## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW, ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107

105.     Plaintiffs reallege and incorporate all the above allegations of this Complaint as fully set forth herein.

106. At all relevant times, Plaintiffs were employees within the meaning of NYCHRL and Defendants are covered employers under NYCHRL.

107. Under the NYCHRL, Administrative Code Title 8-107(13), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The relevant code provides:

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

108. Defendants violated the section cited herein as set forth as manger Jose Pena was a supervisor in a managerial capacity, who had the ability to set employees schedules and terminate employees. Jose Pena discriminated and harassed Plaintiffs based on their sex by creating and fostering a hostile work environment through the constant sexual harassment he subjected Plaintiffs and other female employees to.

109. Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under NYCHRL.

110. As a result of Defendants' unlawful discriminatory practices, Plaintiffs sustained injury, including economic damages and past and future physical and emotional distress

111. Due to Defendants' violations under NYCHRL, based on discrimination and hostile work environment on the basis of sex, Plaintiffs are entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorney's fees and costs.

## COUNT V

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

112. Plaintiff NAJERA realleges by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

113. By failing to provide Plaintiff NAJERA, FLSA Collective Plaintiffs and W-2 Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff NAJERA, FLSA Collective Plaintiff and W-2 Class Members as compensation for all of the work Plaintiff NAJERA, FLSA Collective Plaintiff and W-2 Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

114. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL, the NYSHRL and the NYCHRL;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award of unpaid overtime premium due under the FLSA and the NYLL;

    d.    An award of unpaid wages, including overtime, due to time-shaving due under the FLSA and the NYLL;

    e.    An award of unpaid spread of hours premiums due under the NYLL;

    f.    An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

    g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages and overtime premiums pursuant to 29 U.S.C. § 216;

    h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime due to time shaving, and overtime premiums, pursuant to the FLSA and the NYLL;

i. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

j. An award of back pay, compensatory damages and punitive damages due under the NYSHRL;

k. An award of back pay, compensatory damages and punitive damages due under the NYCHRL;

l. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiffs as Representatives of the Class; and

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
May 18, 2022                                    Respectfully submitted,


By: ___/s/ C.K. Lee_____
      C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs, and the Class*